**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE NAVARRO OCAMPO, | No. 18-71405 |
| Petitioner, | Agency No. A208-840-198 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred December 17, 2025
Submitted March 10, 2026**
Pasadena, California

Before: GRABER, BRESS, and JOHNSTONE, Circuit Judges.

Petitioner Jose Navarro Ocampo, a native and citizen of Mexico, timely

seeks review of the Board of Immigration Appeals' ("BIA") decision dismissing

the appeal of an immigration judge's denial of his applications for asylum and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's conclusion that Petitioner did not suffer past persecution. See Urias-Orellana v. Bondi, No. 24-777, 2026 WL 598435, at *2 (U.S. Mar. 4, 2026) (stating standard of review). To demonstrate past persecution, Petitioner had to show that his treatment in Mexico rose "to the level of persecution." Flores Molina v. Garland, 37 F.4th 626, 633 (9th Cir. 2022) (citation omitted). The particular circumstances of the incidents here—the same-day kidnapping attempts that did not result in physical harm, and an unknown number of beatings by Petitioner's father when he was between 10 and 14 years old for receiving bad grades—do not compel the conclusion that Petitioner's mistreatment rose to the level of persecution, even when considering their "cumulative effect." Id. at 636; cf. Sharma v. Garland, 9 F.4th 1052, 1061 (9th Cir. 2021) ("We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm."); Mihalev v. Ashcroft, 388 F.3d 722, 729 (9th Cir. 2004) ("[S]ome circumstances that cause petitioners physical discomfort or loss of liberty do not qualify as persecution, despite the fact that such conditions have caused the petitioners some harm.").

2. Substantial evidence also supports the BIA's determination that Petitioner did not establish that he has a well-founded fear of future persecution. 8 C.F.R.

2

§ 1208.13(b)(2); see Sharma, 9 F.4th at 1065. As the BIA explained, the reasonableness of Petitioner's fear is undermined by Petitioner's testimony that he returned to, and lived in, Mexico for several months after the kidnapping attempts and that his parents and siblings have continued to live in the country without incident. See Sharma, 9 F.4th at 1065–66 (holding that substantial evidence supported the BIA's determination that the possibility of future persecution was "speculative" because the Petitioner voluntarily returned to his home country and his family members continued to live safely there).

3. Finally, substantial evidence supports the BIA's holding that Petitioner is not eligible for CAT relief. Petitioner failed to establish that it is "more likely than not" that he would be tortured if removed to Mexico. 8 C.F.R. § 1208.16(c)(2); see Sharma, 9 F.4th at 1067.

**Petition DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.